PER CURIAM.
The taxpayers challenge the dismissal of their tax appeals on procedural grounds in the Tax Court. We affirm.
*213 Judge Rimm dismissed these appeals because of the failure of plaintiffs to comply with the rules of the Tax Court and the pretrial order concerning the exchange of appraisals as well as for their being unprepared to proceed on a postponed trial date. Plaintiffs do not deny these derelictions. As a matter of fact, their brief concedes that
the Court warned plaintiffs’ counsel of possible dismissal around February 28, 1984 and then dismissed the plaintiff’s complaints five weeks later.
Indeed, they also concede that “there had been some warning signals before February 28, 1984,” but insist that “the point is that no intermediate steps between warning and termination were taken by the Court.”
Plaintiffs’ only argument, expressed in two points, is that the sanction of dismissal was inappropriately harsh and that the court “could have and should have imposed a lesser sanction.”
The right of the Tax Court judge, in the exercise of sound discretion, to dismiss a tax appeal because of procedural infirmities is undeniable and is not denied. Our careful review of the whole record, including the affidavit of Robert Jacobs, president and general partner of plaintiffs (which acknowledges that his counsel had “advised me in very strong terms of Your Honor’s desire to dispose of these matters either by trial or settlement”), satisfies us not only that there was no mistaken exercise of this discretion in the sanction imposed but that dismissal was quite appropriate in all the circumstances.
Affirmed.